Carl S. **KELLY**, Appellant,

v.

**UNITED STATES** of America, Appellee.

No. 19746.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 23, 1966.

Decided March 8, 1966.

As Amended April 6, 1966.

Petition for Rehearing Denied April 11, 1966.

---

Mr. James F. Bromley, Washington, D. C. (appointed by this court), for appellant.

Mr. James A. Strazzella, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker and Charles L. Owen, Asst. U. S. Attys., were on the brief for appellee.

Before EDGERTON, Senior Circuit Judge, and FAHY and LEVENTHAL, Circuit Judges.

PER CURIAM:

█ We have considered the contentions ably presented on behalf of appellant by counsel appointed by this court. We find no error which warrants reversal. One contention is that the trial court erred in refusing to give a requested instruction on the law of self-defense, set forth in the margin,[1] or its substance.

1. Evidence has been introduced which may tend to show that the defendant acted in self-defense. The defense has no burden to sustain as to this. If this evidence, when considered with all the other evidence, raises a reasonable doubt as to the defendant's guilt, he is entitled to an acquittal. He is not obliged to establish self-defense beyond a reasonable doubt, or even by a preponderance of

Assuming there was evidence to justify self-defense instructions, trial counsel expressed complete satisfaction with those given on the subject. In these circumstances the refusal of the one requested, though appropriate in its substance,[2] is not deemed of sufficient significance to require reversal.

Affirmed.

the proof. The prosecution must prove his guilt beyond a reasonable doubt.

2. The instruction as requested should have been modified so as to make the second sentence thereof read: "The defense does not have the burden of proof as to this." There is, however, the need for the evidence to raise an issue of self-defense, and this may be considered a burden of sorts, ordinarily resting upon the defense.